UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

| UNITED STATES OF AMERICA | JUDGMENT INCLUDING SENTENCE |
| -v- | UNDER THE SENTENCING REFORM ACT |
| CARLOS THORNDIKE | CASE NUMBER: CR-05-491 (ARR) |
| ----------------------------------------x | DEBORAH A. COLSON, ESQ |
| | 16 COURT STREET, 3RD fl. |
| | BROOKLYN, NEW YORK 11241 |
| | Defendant's Attorney & Address |

THE DEFENDANT:
XXX pleaded guilty to count one of the indictment.
___ was found guilty on counts                    after a plea of not guilty.
       Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 846, 841(a)(1) & 841(b)(1)(C) | CONSPIRACY TO DISTRIBUTE & POSSESS WITH INTENT TO DISTRIBUTE HEROIN. | ONE (1) |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)        and is discharged as to such count(s).
XXX  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due XXX immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #___NONE___              DECEMBER 21, 2005
                                            Date of Imposition of Sentence
Defendant's Date of Birth 1/20/56

Defendant's Mailing Address:                ALIYNE R. ROSS, U.S.D.J.

295 FRANCISCO DEL CASTILLO              DECEMBER 21, 2005
                                                Date
LIMA, PERU
                                        A TRUE COPY ATTEST
Defendant's Residence Address:          Date:_____
                                        ROBERT C. HEINEMANN
       ( SAME AS ABOVE )                    CLERK OF COURT

                                        By:_____

                                            DEPUTY CLERK

Defendant: CARLOS THORNDIKE
Case Number: CR-05-491(ARR)

Judgment - Page     of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty (30) months.

__XXX__  The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED AT A FACILITY AS CLOSE AS POSSIBLE TO SPRINGFIELD, VIRGINIA.

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

    ___ at _____ a.m./p.m. on _____.
    ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

    ___ before 12:00 noon on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

United States Marshal

By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

\_\_\_  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: CARLOS THORNDIKE  Judgment - Page    of
Case Number: CR-05-491(ARR)

## FINE WITH SPECIAL ASSESSMENT

    The defendant shall pay to the United States the sum of $ __100.00__ , consisting of a fine of $ __N/A__ and a special assessment of $ __100.00__ .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

    This sum shall be paid ___ immediately
                          ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

      ___ The interest requirement is waived.
      ___ The interest requirement is modified as follows:

```
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2    - - - - - - - - - - - - - - - X

3    UNITED STATES OF AMERICA,        :    CR. 05-491

4              v.                     :    U.S. Courthouse
                                           Brooklyn, New York
5    CARLOS THORNDIKE,                :
                                           December 21, 2005
6                   Defendant.:            2:00 p.m.

7    - - - - - - - - - - - - - - - X

8                         TRANSCRIPT OF SENTENCE
9                 BEFORE THE HONORABLE ALLYNE R. ROSS
                    UNITED STATES DISTRICT JUDGE
10

11   APPEARANCES:

12
     For the Government:         ROSLYNN R. MAUSKOPF
13                               United States Attorney
                                 BY: DAVID BITKOWER
14                               Assistant U.S. Attorney
                                 One Pierrepont Plaza
15                               Brooklyn, New York 11201

16
     For the Defendant:          DEBORAH COLSON, ESQ.
17

18

19
     Court Reporter:             Burton H. Sulzer
20                               225 Cadman Plaza East
                                 Brooklyn, New York 11201
21                               (718) 260-4526
                                 Fax # (718) 260-4504
22

23

24   Proceedings recorded by mechanical stenography, transcript
     produced by CAT.
25
```

BHS     OCR     CM     CRR     CSR

22  THE COURT: Well, it is undisputed that the advisory
23  guidelines in this case call for a prison term of 37 to
24  46 months. Further, although the government has sought a
25  downward departure under the guidelines for extraordinary

BHS    OCR    CM    CRR    CSR

1  family circumstances, it is unclear to me that the record here
2  would warrant a traditional guidelines departure.
3         In any event, assessing the factors required to be
4  considered in determining an appropriate sentence under
5  3553(a) and the circumstances of this case, I am persuaded
6  that although a sentence that is sufficient but of no greater
7  severity than one accommodating and advancing the goals of
8  sentencing is below the advisory guidelines in this case, it
9  is only modestly below the guidelines.
10        At the outset, I have, of course, considered the
11 advisory guideline. As to the nature and circumstances of the
12 offense, the defendant acted as a drug courier on this
13 occasion and on one prior trip, which he freely admitted after
14 his arrest. Defendant and his nephew smuggled heroin
15 concealed within the soles of shoes which had been provided to
16 them by a co-defendant. Defendant was to receive payment of
17 $4,000 for the current trip and presumably received a like
18 amount for the prior trip. The offense is a serious one and
19 warrants a serious sentence.
20        Turning to the history and characteristics of the
21 defendant. He's lived his entire life in Lima, Peru and has
22 had no prior brushes with the law. For many years he has
23 worked steadily to support himself and his family, including
24 10 years as a maintenance worker, 8 years as a store manager
25 and, when that store closed, approximately 2 years as a

1  self-employed owner of a wholesale clothing business. The
2  business was not a profitable one and defendant's debt grew,
3  undoubtedly a primary motivation for his criminal conduct in
4  this case.
5       As set forth in the presentence report, and various
6  defense submissions, defendant's father suffered from heart
7  disease and Parkinson's disease and defendant was his primary
8  caretaker for the 3 years preceding his death in 2003.
9  Defendant's mother died soon thereafter. Defendant has also
10 functioned as a primary caretaker for his half sister Marena,
11 who, after 2 operations for brain tumor, has been left
12 partially paralyzed and lives in a nursing home.
13      The government is correct that the expenses for
14 Marena's care that had been paid by defendant have since his
15 arrest been assumed by other family members. It is not
16 disputed, however, that defendant's sister Freda, the only
17 sibling in Peru, is herself in poor health and has a job,
18 rendering it impossible for her to devote the time and level
19 of attention to Marena the defendant had previously given.
20      Another sibling has written that Marena's doctor
21 advised the family to conceal defendant's arrest from her,
22 concerned that her mental health might otherwise be seriously
23 compromised.
24      Defendant also has an employed 21-year-old daughter
25 Jennie, who, as the government point out, lives with her

mother. However there is evidence in the record that she has a history of depression and Jennie herself has written of a psychological anguish she has suffered over her father's situation.

The defendant has expressed before me sincere remorse for his conduct and full acceptance of responsibility, and I am confident that he will not again offend.

Under the circumstances, I conclude that a term of 30 months incarceration is sufficient but of no greater severity than necessary to serve the goals of sentencing.

It is a severe sentence for a serious offense, and it is also ample to provide just punishment, deter recidivism and protect the public from future crimes. This will also be assured by defendant's deportation and his additional incarceration prior to deportation.

Accordingly, I sentence the defendant to the custody of the Attorney General for a period of 30 months, to be followed by a three-year period of supervised release. The special conditions include he not illegally reenter the United States. I prohibit possession of a firearm. I make a finding that he is unable to pay a fine, but I will impose a mandatory $100 special assessment.

Is there a second count, Mr. Bitkower?

MR. BITKOWER: There are 3 open counts and we would move to dismiss those counts now.

BHS    OCR    CM    CRR    CSR

1   THE COURT: The application is granted.
2   Mr. Thorndike, there are circumstances in which a
3   defendant may appeal the sentence. I don't know that this
4   would apply to your case. You will discuss that with Miss
5   Colson. If you choose to appeal, a notice of appeal must be
6   filed within 10 days and an attorney will be appointed to
7   represent you.
8   MS. COLSON: There's one further issue.
9   Mr. Thorndike has a sister that lives in Virginia and he would
10  ask that you make a recommendation that he serve his time in a
11  facility close to her. She lives in Springfield, Virginia.
12  THE COURT: I recommend to the Bureau of Prisons
13  that he be housed in a facility as close as possible to
14  Springfield, Virginia.
15  MS. COLSON: Thank you.
16  MR. BITKOWER: I believe the record is relatively
17  clear, but it was the defendant who sought the downward
18  departure and the government opposed. You stated it slightly
19  differently.
20  THE COURT: I'm sorry. I didn't grant a downward
21  departure, I just simply did a nonguideline sentence.
22  MR. BITKOWER: Understood. Thank you.
23  THE COURT: Thank you.
24                *********
25